IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY GENE GLOVER,<br><br>    Plaintiff,<br><br>vs.<br><br>M. S. EVANS, Warden, E. B. JONES, Warden, M. HILL, ROXANNE LESNIAK, GAYLE JANSEN, Accountants,<br><br>    Defendants. | No. C 07-1759 JSW (PR)<br><br>**ORDER DENYING APPOINTMENT OF COUNSEL AND PARTIALLY GRANTING EXTENSION OF TIME**<br><br>(Docket Nos. 12, 13) |

On October 26, 2009, this Court ordered service of Plaintiff's amended complaint on Defendants. Plaintiff subsequently filed a motion requesting appointment of counsel (docket no. 12). However, there is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). A court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).

The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding

of the "exceptional circumstances" of the plaintiff seeking assistance requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.* Plaintiff's motion is DENIED without prejudice, for want of exceptional circumstances (docket no. 12).

Thereafter, on December 31, 2009, Defendants filed a motion seeking an extension of time to file a dispositive motion (docket no. 13). Defendants requested an extension of ninety days based on counsel's appearance as lead counsel on a class action in which discovery is ongoing and a trial is anticipated in April, 2010, though no trial date has been set. However, due to the age of the instant case, Defendants will be granted an extension of time until **February 15, 2010** to file a dispositive motion. Plaintiff will then have until **March 17, 2010** to file any opposition to the motion and Defendants will have until **March 30, 2010** to file a reply. Further extensions of time will be granted only upon a showing of exceptional circumstances.

IT IS SO ORDERED.

DATED: January 14, 2010

JEFFREY S. WHITE
United States District Judge

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

BOBBY GENE GLOVER JR,

        Plaintiff,

  v.

M. S. EVANS et al,

        Defendant.

Case Number: CV07-01759 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 14, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Bobby Gene Glover
K46066
PVSP
P.O. Box 8504
Coalinga, CA 93210

Dated: January 14, 2010

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk